IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PARADICE SABBIE                                                              PLAINTIFF

v.                              Civil No. 5:26-cv-05013-CDC

SAM MURPHY                                                                   DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned.  *See* 28 U.S.C. § 636(c).  Accordingly, the case will automatically be reassigned to Chief United States District Judge Timothy L. Brooks and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3).  The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1]  Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  For the reasons given below, the undersigned recommends that this case be DISMISSED WITHOUT PREJUDICE.

### I.  BACKGROUND

Plaintiff Paradice Sabbie is currently incarcerated at the Washington County Detention Center ("WCDC").  On January 15, 2026, he filed this Complaint against a correctional officer at WCDC named Sam Murphy.  *See* ECF No. 1.

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

Plaintiff alleges that on September 18, 2025, while he and his cellmates were "serving time on 23 and 1," Officer Murphy asked Plaintiff's cellmates if they wanted their hour of recreational time. *See id.* at 4. (Plaintiff was apparently napping during this conversation.) *See id.* One of Plaintiff's cellmates responded that since they went first the previous day they were supposed to go last today. *See id.* Officer Murphy responded "that's true" and closed the door, but apparently never returned that day to let them out for their hour of recreation. *See id.* When Plaintiff awoke, he "worked out" and "built up a good sweat only for me not to get my hour out." *See id.* He says that as a result he "had to sleep sweaty in my rack for hours until [the] next day which could've led to other harmful issues." *See id.* Plaintiff claims that this amounts to unconstitutional conditions of confinement. *See id.* at 4–5. As relief, Plaintiff seeks $150,000.00 in punitive damages. *See id.* at 9.

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Section 1983 was enacted to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 685 (1978). To assert a claim under § 1983, a plaintiff must allege two elements: (1) that the action occurred under color of law; and (2) that the action is a deprivation of a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

Here, Plaintiff has not alleged the deprivation of any federal right. The Eighth Circuit has held that four days without bedding, clothing, legal mail, and hygienic supplies does not violate the Constitution. *See O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 84 (8th Cir. 1996). And although inmates "may have a liberty interest in some access to exercise," even being prevented from exercising for a period of thirty-seven days does not violate the Constitution, though "thirty-seven days is perhaps pushing the outer limits of acceptable restriction." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Similarly, and perhaps most directly on point, the Eighth Circuit has held that "[d]enial of recreation for a short period, per se, is not a constitutional violation," and that accordingly suspension of an inmate's yard privileges for thirteen days did not

violate the constitution.  *See Knight v. Armontrout*, 878 F.2d 1093, 1095–96 (8th Cir. 1989).  The restriction that Plaintiff alleges he suffered on September 18, 2025, is far less severe than the restrictions endured by the plaintiffs in *O'Leary*, *Phillips*, and *Knight*—which themselves did not rise to the level of any constitutional violation.

### IV.  CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff/Petitioner is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **10th day of March 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

4